UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DESIGN BASICS, LLC<br>11112 John Galt Boulevard<br>Omaha, NE  68137-2384<br><br>        Plaintiff,<br><br>v.<br><br>LANDMARK COMMUNITIES, INC.<br>Registered Agent Paul A. Berding<br>1768 Happy Valley Drive<br>Fairfield, OH 45014<br><br>BERKEY HOMES, LLC<br>Registered Agent Matthew P. Berding<br>1768 Happy Valley Drive<br>Fairfield, OH 45014<br><br>GEHRLICH BUILDERS, LLC<br>Registered Agent Jeff Gehrlich<br>1768 Happy Valley Dr.<br>Fairfield, OH 45014<br><br>THE GEHRLICH GROUP, INC.<br>Registered Agent Keith M. Gehrlich<br>275 Commercial Dr.<br>Fairfield, OH 45014<br><br>GEHRLICH GROUP, LLC<br>Registered Agent Keith M. Gehrlich<br>275 Commercial Dr.<br>Fairfield, OH 45014<br><br>GEHRLICH HOMES, INC.<br>Registered Agent Jeffrey A. Gehrlich<br>5905 Heritage Knoll Terrace<br>Fairfield, OH 45014 | Case No. _____<br><br>Hon. _____<br><br>**PLAINTIFF'S COMPLAINT FOR**<br>**COPYRIGHT INFRINGEMENT WITH**<br>**<u>JURY DEMAND ENDORSED HEREON</u>**<br><br>   Dana A. LeJune (TX 12188250)<br>   Admitted in S.D. Ohio<br>   Email:  dlejune@triallawyers.net<br>   LeJune Law Firm<br>   6525 Washington Avenue<br>   Suite 300<br>   Houston, TX  77007<br>   Telephone:  (713) 942-9898<br>   Fax:  (713) 942-9899<br><br><br>   James L. Rogers (0039743)<br>   Admitted in S.D. Ohio<br>   Email: rogers@semrohenry.com<br>   Semro Henry & Barga LTD<br>   7255 Crossleigh Court, Suite 104<br>   Toledo, OH 43617<br>   Telephone: (419) 517-7377<br>   Fax: (419) 517-7378<br><br>   Attorneys for Plaintiff,<br>   Design Basics, LLC |

| | |
|---|---|
| GEHRLICH PROPERTIES, LLC.<br>Registered Agent Keith M. Gehrlich<br>275 Commercial Dr.<br>Fairfield, OH 45014 | §<br>§<br>§<br>§ |
| DL GEHRLICH, LLC<br>Registered Agent David L. Gehrlich<br>275 Commercial Dr.<br>Fairfield, OH 45014 | §<br>§<br>§<br>§ |
| KELLY HOMES, INC.<br>Registered Agent Paul Berding<br>1768 Happy Valley Drive<br>Fairfield, OH 45014 | §<br>§<br>§<br>§ |
| PR PROPERTIES, INC.<br>Registered Agent Paul A. Berding<br>1768 Happy Valley Drive<br>Fairfield, OH 45014 | §<br>§<br>§<br>§ |
| ORCHARD MEADOWS, LLC<br>Registered Agent Paul A. Berding<br>1768 Happy Valley Drive<br>Fairfield, OH 45014 | §<br>§<br>§<br>§ |
| PAUL A. BERDING<br>1877 Park Pl<br>Fairfield, OH 45014 | §<br>§<br>§<br>§ |
| MATTHEW P. BERDING<br>1768 Happy Valley Drive<br>Fairfield, OH 45014 | §<br>§<br>§<br>§ |
| RONALD W. GEHRLICH<br>12137 Stone Mill Road<br>Cincinnati, OH 45251 | §<br>§<br>§<br>§ |
| KEITH M. GEHRLICH<br>12147 Stone Mill Road<br>Cincinnati, OH 45251 | §<br>§<br>§<br>§ |
| AND | §<br>§ |
| JEFFREY A. GEHRLICH<br>5905 Haritage Knoll Terrace<br>Fairfield, OH 45014 | |

2

Plaintiff, Design Basics, LLC ("DB" or "Plaintiff") by and through its attorneys, Dana A. LeJune and James L. Rogers, file this cause of action against the Defendants, "Landmark Communities, Inc. ("Landmark"), Berkey Homes, LLC ("Berkey"), Gehrlich Builders, LLC ("GBL"), The Gehrlich Group, Inc. ("GGI"), The Gehrlich Group, LLC ("GGL"), Gerhlich Homes, Inc, ("GHI"), Gehrlich Properties, LLC. ("GPL"), DL Gehrlich, LLC ("DLG"), Kelly Homes, Inc. ("Kelly"), PR Properties, Inc. ("PRP"), Orchard Meadows, LLC ("Orchard")(collectively referred to as the "Entity Defendants"), as well as against the Defendants Paul A. Berding, Individually ("P. Berding"), Matthew P. Berding, Individually ("M. Berding"), Ronald W. Gehrlich, Individually ("R. Gehrlich"), Keith M. Gehrlich, Individually ("K. Gehrlich"), and Jeffrey A. Gehrlich, Individually ("J. Gehrlich)(collectively referred to as the "Individual Defendants")(all Defendants collectively referred to as "Defendants") and shows:

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3. Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc., owned as of that date.

4. The Defendant, Landmark is a for-profit Ohio corporation with its principal office located in Butler County, Ohio. Landmark is in the business of marketing, development, construction and sales of residential houses. Landmark is registered for service at the above-captioned address.

5. The Defendant, Berkey is a for-profit Ohio limited liability company with its principal office located in Butler County, Ohio. Berkey is in the business of marketing, development, construction and sales of residential houses. Berkey is registered for service at the above-captioned address.

6. The Defendant, GBL is a for-profit Ohio limited liability company with its principal office located in Butler County, Ohio. GBL is in the business of marketing, development, construction and sales of residential houses. GBL is registered for service at the above-captioned address.

7. The Defendant, GGI is a for-profit Ohio corporation with its principal office located in Butler County, Ohio. GGI is in the business of marketing, development, construction and sales of residential houses. GGI is registered for service at the above-captioned address.

8. The Defendant, GGL is a for-profit Ohio limited liability company with its principal office located in Butler County, Ohio. GGL is in the business of marketing, development, construction and sales of residential houses. GGL is registered for service at the above-captioned address.

9. The Defendant, GHI is a for-profit Ohio corporation with its principal office located in Butler County, Ohio. GHI is in the business of marketing, development, construction and sales of residential houses. GHI is registered for service at the above-captioned address.

10. The Defendant, GPL is a for-profit Ohio limited liability company with its principal office located in Butler County, Ohio. GPL is in the business of marketing, development,

4

construction and sales of residential houses. GPL is registered for service at the above-captioned address.

11. The Defendant, DLG is a for-profit Ohio limited liability company with its principal office located in Butler County, Ohio. DLG is in the business of marketing, development, construction and sales of residential houses. DLG is registered for service at the above-captioned address.

12. The Defendant, Kelly is a for-profit Ohio corporation with its principal office located in Butler County, Ohio. Kelly is in the business of marketing, development, construction and sales of residential houses. Kelly is registered for service at the above-captioned address.

13. The Defendant, PRP is a for-profit Ohio corporation with its principal office located in Butler County, Ohio. PRP is in the business of marketing, development, construction and sales of residential houses. PRP is registered for service at the above-captioned address.

14. The Defendant, Orchard is a for-profit Ohio limited liability company with its principal office located in Butler County, Ohio. Orchard is in the business of marketing, development, construction and sales of residential houses. Orchard is registered for service at the above-captioned address.

15. Defendant P. Berding is an individual, and an officer, director, manager and/or principal of Landmark, Berkey, GHI, Kelly, Orchard, and PRP, who resides in Butler County, Ohio.

16. Defendant M. Berding is an individual, and an officer, director, manager and/or principal of Landmark, Berkey, GBL, and GHI, who resides in Butler County, Ohio.

17. Defendant R. Gehrlich is an individual, and an officer, director, manager and/or principal of Landmark, GHI, Kelly, and PRP, who resides in Hamilton County, Ohio.

18. Defendant K. Gehrlich is an individual, and an officer, director, manager and/or principal of GGL, GGI, and GPL, who resides in Butler County, Ohio.

19. Defendant J. Gehrlich is an individual, and an officer, director, manager and/or principal of Landmark, Berkey, GBL, GHI, GGL, and GPL, who resides in Butler County, Ohio.

**Facts**

20. Since the early 1980's, DB has been a major publisher of plan catalogs, in which its works are marketed.

21. Since the advent of the internet, DB has marketed its works through publishing its designs on DB's website, www.designbasics.com, and through its marketing partners. Consequently, DB's designs have become ubiquitous in the marketplace.

22. DB is the sole original author and owner of a large number of architectural works, including those entitled the "1380 Paterson," "2236 Bermier," "2281 Ingram," "8012 Pawnee Point," "2216 Collier," "2638 Linden," and "1752 Lancaster" (DB's copyright-protected plans hereinafter will be collectively referred to as the "Copyrighted Works").

23. **Exhibit 1** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 1380 the "Paterson;"

24. **Exhibit 2** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 2236 the "Bermier;"

25. **Exhibit 3** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 2281 the "Ingram;"

26. **Exhibit 4** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 8012 the "Pawnee Point;"

27. **Exhibit 5** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 2216 the "Collier;"

28. **Exhibit 6** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 2638 the "Linden;"

29. **Exhibit 7** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's 1752 the "Lancaster;"

30. The Copyrighted Works described in paragraphs 22 through 29 above were independently created by – and are original to – DB. These works possess the required "minimal degree of creativity" in architectural design, both as pictorial works and as architectural works. Each of the Copyrighted Works contain the following non-exhaustive list of protectable elements:

   a. The relationship, arrangement and composition of the spaces and elements;

   b. The spatial relationships of the spaces and elements to all other spaces and elements;

   c. The sizes and shapes of the rooms, and their spatial relationships to each other;

   d. The arrangement and spatial relationships of the walls, flue chases, drop-downs, windows and doors within the floor plan;

   e. The locations and spatial relationships between and among the placement of appliances, counter tops, and cabinets;

   f. The placement of closets throughout the house;

   g. The locations of and spatial relationships between and among toilets, shower/tubs and lavatories in the bathrooms;

   h. The locations of porches, entryways, patios and front and rear or patio doors; and

   i. The overall form of the houses, including but not limited to the "look and feel'' of the plan/design (including both the floor plan and outside elevation), and the manner in which the traffic flows through the house.

31. Defendants are engaged, at least in part, in the drafting, publishing, distribution, and advertising of residential home designs through traditional print media and on the internet on sites such as www.landmarkcommunities.net and www.berkeyhomes.com.

32. On or about July 1, 2014 DB first became aware that the Defendants had violated its copyrights in one or more distinct ways. On said date, and in the course of researching infringing builders in a separate lawsuit, DB saw several infringements of their works on Defendants' website, www.berkeyhomes.com and preserved them by making screen captures (**Exhibit 8**). DB noted that the works advertised on Defendants' website were substantially similar or were strikingly similar (specifically with regard to all protectable elements contained within the Copyrighted Works, including but not limited to those elements described in paragraph 30(a) – (i) above) to the Copyrighted Works described in paragraphs 22 through 29 above. In searching through public corporate records for information on the Defendant Berkey, DB noticed that the Individual Defendant M. Berding was related to Individual Defendant and DB customer P. Berding. P. Berding and his company, Entity Defendant, Landmark have a history with DB, and have ordered and received at least five (5) design plan catalogs[1] from DB, but never licensed any of DB's plan designs. Despite the fact that neither P. Berding nor Landmark had licensed DB's works, DB saw several of the same infringements of their works on the website, www.landmarkcommunities.net and preserved them by making screen captures (**Exhibit 9**). The works initially discovered were:

    a. DB's "1380 Paterson" which Defendants call the "Beechcreek"

    b. DB's "2236 Bermier" which Defendants call the "Muirfield"

    c. DB's "2281 Ingram" which Defendants call the "Sunnybrook"

---

[1] Containing at least two (2) of DB's Copyrighted Works at-issue – DB's 1380 Paterson and DB's 1752 Lancaster.

    d. DB's "8012 Pawnee Point" which Defendants call the "Windsor," "Windsor III," and "Windsor IV"

    e. DB's "2216 Collier" which Defendants call the "Amberwood"

    f. DB's "2638 Linden" which Defendants call the "Hutchinson" and "Applegate"

    g. DB's "1752 Lancaster" which Defendants call the "Bedford"

33. Since August of 1990, Entity Defendant, Landmark and Individual Defendant, P. Berding ordered and received at least five (5) of DB's design plan catalogs, but neither purchased licenses for any of DB's works. Additionally, in searching the public records of Landmark and Berkey, DB discovered that Individual Defendant R. Gehrlich was one of the founders and/or incorporators of Landmark, and that the Gehrlich family and Berding family are closely-connected in the Fairfield, OH community in that they have owned and/or operated various home construction companies together. For instance, in addition to Landmark; P. Berding, J. Gehrlich, and R. Gehrlich are the founders and/or incorporators of the Entity Defendants GHI, Kelly and PRP. Moreover, J. Gehrlich is the founder and/or incorporator of the Entity Defendant GBL, which shares a principal place of business with Landmark, Berkey, Kelly, PRP, and Orchard – 1768 Happy Valley Drive, Fairfield, OH 45014. R. Gehrlich, K. Gehrlich, and J. Gehrlich are also all founders of GGL and GGI, which all have an extensive customer history with DB. Since January of 1999, GGL and/or GGI have ordered and received at least eight (8) of DB's design plan catalogs and purchased construction licenses for DB's "2411 Canterbury," "2811 Ashville," and "3006 Grayson" – none of which are at-issue in this suit. Attached hereto as **Exhibit 10** is Defendants' Order History with DB.

34. All of the Copyrighted Works at issue in this case were within one or more of the design plan catalogs ordered and received by Defendants. None of the Defendants purchased licenses to display or construct any of the accused designs.

9

35. All of the Copyrighted Works within these plan catalogs and/or publications which were mailed to and received by Defendants, prominently displayed DB's copyright management information ("CMI"), ensuring that anyone perusing said publications would see that DB owns all rights and title to the Copyrighted Works. Additionally, each of these plan catalogs prominently displays the URL for DB's website, and explains that unless and until a license is paid, any use of the designs is copyright infringement. (**Exhibit 11**).

36. Additionally, DB's plan designs, including the Copyrighted Works, have been marketed for years on a nationwide basis, including in this District, by means of the widespread distribution of design plan catalogs, periodicals, and other publications including by third-party marketers, as well as through internet marketing efforts, including but not limited to the website, www.designbasics.com.[2] As a result, Defendants have had a reasonable opportunity to have viewed each of the Copyrighted Works.

37. Upon information and belief, all of the Entity Defendants work closely together, operating from the same principal place of business, sharing common principals, developing residential subdivisions in the greater Cincinnati area, and constructing and selling residential houses in the same residential subdivisions using the same architectural designs, many of which were blatantly copied from the DB catalogs ordered and received by Landmark, GGL, GGI, P. Berding and/or K. Gehrlich.

38. In addition to posting infringing copies of DB's Copyrighted Works on Defendants' website for the purposes of advertising, marketing, and promotion, on information and belief, one

---

[2] DB's "1380 Paterson" has been continuously displayed on the website since as early as February 11, 1997; DB's "2236 Bermier" has been continuously displayed on the website since as early as November 3, 1999; DB's "2281 Ingram" has been continuously displayed on the website since as early as April 9, 1998; DB's "8012 Pawnee Point" has been continuously displayed on the website since as early as June 11, 1999; DB's "2216 Collier" has been continuously displayed on the website since as early as February 11, 1998; DB's "2638 Linden" has been continuously displayed on the website since as early as March 9, 1998; and DB's "1752 Lancaster" has been continuously displayed on the website since as early as February 11, 1997.

10

or more of the Defendants received revenue attributable to the construction, marketing, and/or sale of one or more three-dimensional infringing copies (houses) of these works, and/or from the development of subdivisions where such revenue was realized through the sales of lots.

39. Each three-dimensional copy constructed by Defendants, as alleged in paragraph 32 (a) – (g) above, constitutes a derivative work, infringing DB's Copyrighted Works in violation of 17 U.S.C. §§106(2) and 501.

### Contributory and/or Vicarious Liability of Principals

40. Because the Individual Defendants are principals, owners, officers, and/or managers of the Entity Defendants, or otherwise had control of them, they had knowledge of the Entity Defendants' infringing activities, and/or materially contributed to the infringement by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the Entity Defendant's copying, distributing, marketing, construction, and/or sales of known infringing designs and houses.

41. The conduct of the Entity Defendants described above, was performed and/or accomplished through the direction, control and conduct of the Individual Defendants personally, as owners, officers, directors and/or managers of the Entity Defendants. The Individual Defendants had the right and ability to supervise the infringing activities, including but not limited to preventing the Entity Defendants from infringing DB's Copyrighted Works, and/or stopping the infringements once they began. Additionally, on information and belief, the Individual Defendants received direct financial benefit from the acts of infringement by the Entity Defendants. Accordingly, Individual Defendants are personally liable to DB as joint and/or contributory infringers, or are otherwise vicariously liable.

42. The illicit acts of the Defendants, described in paragraphs 32 through 39 above were done without permission or license from DB, and in violation of DB's exclusive copyrights in said works.

43. Upon information and belief, Defendants have infringed DB's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

### Causes of Action for Non-Willful Copyright Infringement
### Count One

44. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein

45. Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's works identified and described in paragraphs 22 through 29 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Plaintiff's works which are as yet undiscovered.

### Count Two

46. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

47. Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's works identified and described in paragraphs 22 through 29 above, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiff's works which are as yet undiscovered.

**Count Three**

48. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

49. Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's works identified and described in paragraphs 22 through 29 above, by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiff's works which are as yet undiscovered.

**Count Four**

50. Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

51. Defendants, without knowledge or intent, infringed Plaintiff's copyrights in one or more of Plaintiff's works identified and described in paragraphs 22 through 29 above, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiff's works which are as yet undiscovered.

**Alternative Causes of Action for Willful Copyright Infringement**
**Count Five**

52. Plaintiff re-alleges and incorporates paragraphs 1 through 51 above as if fully set forth herein.

53. Alternatively, Defendants willfully infringed Plaintiff's copyrights in one or more of Plaintiff's works identified and described in paragraphs 22 through 29 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and

on information and belief have done so with others of Plaintiff's works which are as yet undiscovered.

### Count Six

54. Plaintiff re-alleges and incorporates paragraphs 1 through 51 above as if fully set forth herein.

55. Alternatively, Defendants willfully infringed Plaintiff's copyrights in one or more of Plaintiff's works identified and described in paragraphs 22 through 29 above, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiff's works which are as yet undiscovered.

### Count Seven

56. Plaintiff re-alleges and incorporates paragraphs 1 through 51 above as if fully set forth herein.

57. Alternatively, Defendants willfully infringed Plaintiff's copyrights in one or more of Plaintiff's works identified and described in paragraphs 22 through 29 above, by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiff's works which are as yet undiscovered.

### Count Eight

58. Plaintiff re-alleges and incorporates paragraphs 1 through 51 above as if fully set forth herein.

59. Alternatively, Defendants willfully infringed Plaintiff's copyright in one or more of Plaintiff's works identified and described in paragraphs 22 through 29 above, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of Plaintiff's works which are as yet undiscovered.

## Violations of DMCA § 1202
## Count Nine

60. Plaintiff re-allege and incorporate paragraphs 1 through 59 above as if fully set forth herein. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

61. In creating the drawings identified above, one or more of said Defendants intentionally removed and omitted Plaintiff's CMI, or had them removed or omitted from copies of Plaintiff's works.

62. One or more of said Defendants thereafter distributed copies or derivatives of such works knowing that such CMI had been removed or omitted without authorization.

63. At the time said Defendants removed Plaintiff's CMI from copies of their works, and at the time they distributed copies of the works from which the CMI had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate or conceal the infringement of Plaintiff's copyrights.

64. Plaintiff is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

65. Pursuant to 17 U.S.C. §1203(b)(5), Plaintiff is entitled to and seeks to recover its reasonable attorneys' fees.

15

**Conclusion and Prayer**

WHEREFORE, Plaintiff demand that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of Plaintiff's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For Plaintiff's actual damages consisting of lost licensing fees;

C. For Defendants' disgorgement of profits attributable to their infringements, including but not limited to those direct and indirect profits derived from land development and the construction, advertising, promotion, marketing, appraisal, and/or sales of infringing structures in an amount to be determined at trial;

D. In the alternative, at Plaintiff's option after verdict, an award of statutory damages in lieu of actual damages or profit disgorgement for the infringement of any one or more of their works described above, in an amount to be determined by the jury;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. Plaintiff's actual costs, including attorney fees, court costs, taxable costs, and the costs associated with the retention, preparation, and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiff's copyrights in

    any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiff's plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiff's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

J. For such other relief as the Court determines to be just and equitable.

Date: <u>June 28, 2017</u>　　　　　　　　　　**LEJUNE LAW FIRM**

　　　　　　　　　　　　　　　　　　　　By:　　/<u>S</u> **Dana A. LeJune**
　　　　　　　　　　　　　　　　　　　　　　　Dana A. LeJune
　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No.: 12188250
　　　　　　　　　　　　　　　　　　　　　　　Admitted in S.D. of Ohio
　　　　　　　　　　　　　　　　　　　　　　　email: dlejune@triallawyers.net
　　　　　　　　　　　　　　　　　　　　　　　6525 Washington Avenue
　　　　　　　　　　　　　　　　　　　　　　　Suite 300
　　　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77007
　　　　　　　　　　　　　　　　　　　　　　　Tel: 713.942.9898 Telephone
　　　　　　　　　　　　　　　　　　　　　　　Fax: 713.942.9899 Facsimile

**SEMRO HENRY & BARGA LTD.**

By:     */s/ James L. Rogers*
James L. Rogers (0039743)
Email: rogers@semrohenry.com
7255 Crossleigh Court, Suite 104
Toledo, Ohio 43617
Telephone: 419.517.7377
Facsimile: 419.517.7378

### JURY DEMAND

Plaintiff Design Basics, LLC demands trial by jury.

By:     /S **Dana A. LeJune**
Dana A. LeJune
An Attorney for Plaintiff,
Design Basics, LLC